IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
**Northern Division**

| | | |
|---|---|---|
| BRIDGE OIL LTD., <br> West Wind Building <br> P. O. Box 1111 <br> Grand Cayman, Cayman Islands <br> B.W.I., | * <br> * <br> * <br> * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. |
| EMERALD REEFER LINES, LLC <br> 500 Union Street, Suite 701 <br> Seattle, WA  98101 | * <br> <br> * | |
| and | * | |
| EMERALD REEFER LINES, LTD. <br> Cayman Islands, | * <br> <br> * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \*

**VERIFIED COMPLAINT**

Plaintiff, BRIDGE OIL LTD. ("Plaintiff"), by its attorneys Geoffrey S. Tobias, Robert B. Hopkins and Ober, Kaler, Grimes & Shriver, sues the above-named Defendants EMERALD REEFER LINES, LLC ("LLC") and EMERALD REEFER LINES, LTD. ("LTD") (collectively, "Defendants"), and, for cause, states:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Fed.R.Civ.P. 9(h). The Court has admiralty jurisdiction under 28 U.S.C. §1333. This Complaint is in personam with a

prayer for process and maritime attachment and garnishment pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure.

2. At all material times, Plaintiff was and now is a corporation organized under the laws of the Cayman Islands, with an office at West Wind Building, P.O. Box 1111, Grand Cayman, Cayman Islands, B.W.I.

3. At all material times, Defendant LLC was and now is a limited liability company organized under the laws of the state of Washington, with no office or place of business in this judicial district.

4. At all material times, Defendant LTD was and now is a corporation or other business entity organized under the laws of the Cayman Islands with no office or place of business in this judicial district.

5. At all material times, including those described more particularly below, Defendant LLC acted on its own behalf and/or as agent for one or more undisclosed principals, including Defendant LTD.

6. At all material times, Defendants LLC and/or LTD were the charterers of the vessels PACIFIC ALASKA, PACIFIC KAMCHATKA, PACIFIC CHUKOTKA, and PACIFIC PRIMORYE and/or otherwise operated and controlled those vessels as well as the other vessels described in paragraph 9 below.

7. In July and September 2006, Defendant LLC requested that Plaintiff supply marine fuel ("bunkers") to oceangoing vessels operated by Defendants, and Plaintiff agreed to do so ("the Contracts") on Plaintiff's Standard Terms and Conditions ("STC").

8. Upon the order of Defendant LLC and in accordance with the Contracts, Plaintiff furnished the following vessels with bunkers on the dates and with the values shown below.

| Date | Vessel | Value |
|---|---|---|
| a. 3 July 2006 | Komsomolets Primorya | $610,950.00 |
| b. 17 July 2006 | Oljutorsky Zaliv | $428,400.00 |
| c. 9 August 2006 | Pacific Alaska | $332,701.28 |
| d. 4 September 2006 | Pacific Kamchatka | $157,000.00 |
| e. 6 September 2006 | Komsomolets Primorya | $127,200.00 |
| f. 7 September 2006 | Komsomolets Primorya | $380,700.00 |
| g. 8 September 2006 | Pacific Alaska | $44,639.00 |
| **Total** | | **$2,081,590.28** |

9. Defendants have failed to pay any of the above amounts, despite due demand, in breach of the Contracts.

10. As a result of Defendants' breach of the Contracts, Plaintiff sustained damages in the principal amount of $2,081,590.28.

11. Plaintiff's STC provided for resolution of disputes arising out of the Contracts before the High Court of Justice in London according to English law, at Plaintiff's option. Plaintiff reserves its right to resolve the merits of this dispute in London pursuant to the STC.

12. Plaintiff's STC also provide that Defendants shall pay interest at 18% per annum with respect to late payment and further that Defendants shall reimburse Plaintiff "in full for all costs and expenses incurred by [Plaintiff] arising out of or in connection with non or late payment."

13. English law provides for the recovery of interest, legal fees and litigation costs by a successful party.

14. Plaintiff estimates that its recoverable costs in a London litigation which proceeds to judgment on the merits will be $50,000.

15. Based on 18 percent interest per annum on the amounts due calculated from the dates due for each invoice through two years from December 7, 2008, Plaintiff calculates interest in the total amount of $784,608.54, as shown on the table below:

|   | Vessel | Principal Amount | Interest @18% to 7 Dec. 2008 |
|---|---|---|---|
| a. | Komsomolets Primorya | $610,950.00 | $240,408.83 |
| b. | Oljutorsky Zaliv | $428,400.00 | $163,434.60 |
| c. | Pacific Alaska | $332,701.28 | $124,762.98 |
| d. | Pacific Kamchatka | $157,000.00 | $56,834.00 |
| e. | Komsomolets Primorya | $127,200.00 | $45,855.60 |
| f. | Komsomolets Primorya | $380,700.00 | $137,242.35 |
| g. | Pacific Alaska | $44,639.00 | $16,070.18 |
|   | **Total** | **$2,081,590.28** | **$784,608.54** |

16. Defendants cannot be found within this district within the meaning of Supplemental Rule B for Certain Admiralty and Maritime Claims for the Federal Rules of Civil Procedure ("Rule B"), but is believed Defendants LLC and/or LTD are the current charterers of the M/V PACIFIC CHUKOTKA, which is now or will be in the Port of Baltimore and within the jurisdiction of this Honorable Court. As charterers of the M/V PACIFIC CHUKOTKA, Defendants are the owners of certain goods and chattels on the M/V PACIFIC CHUKOTKO, including, but not limited to, the bunkers and diesel oil now on board said vessel.

17. The local agents for the M/V PACIFIC CHUKOTKA, Inchcape Shipping Services, also holds funds which are due and owing to the Defendants or are otherwise the property of the Defendants, including but not limited to freight payments.

18. That this Complaint is verified by the accompanying Affidavit of Robert B. Hopkins, local counsel for Plaintiff in order for issuance of process of maritime attachment and garnishment also accompanies the Verified Complaint.

**WHEREFORE**, Plaintiff prays:

A. That process in due form of law issue against the Defendants, citing each it to appear and answer under oath all and singular the matters alleged in the Verified Complaint;

B. That since the Defendants cannot be found within this district pursuant to Rule B, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B, attaching all of Defendants' tangible or intangible property or any funds held by any garnishee in this district which are due and owing to the Defendants or are otherwise the property of the Defendants, including but not limited to:

(i) all of the Defendants' property on board the M/V PACIFIC CHUKOTKA, including but not limited to bunkers and diesel oil on board said vessel; and

(ii) any funds held by garnishee Inchcape Shipping Services (the local agent for the M/V PACIFIC CHUKOTKA) which are due and owing to the Defendants or are otherwise the property of the Defendants, including but not limited to freight payments

up to the amount of principal ($2,081,590.28), interest ($784,608.54), and costs ($50,000.00) claimed herein, for a total of $2,916,198.82 to secure Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and, pursuant to Rule B, answer the matters alleged in the Verified Complaint;

C.  That this Court retain jurisdiction over this matter through the entry of a judgment on the merits of the dispute in London and its enforcement in this action against any assets attached in this District.

D.  That Plaintiff may have such other, further and different relief as may be just, proper, and equitable.

Dated: Baltimore, MD
       December 19, 2006

                                            Respectfully submitted,

                                            OBER, KALER, GRIMES & SHRIVER

                                            By_____
                                            Geoffrey S. Tobias (Federal Bar No. 00301)
                                            Robert B. Hopkins (Federal Bar No. 06017)
                                            120 E. Baltimore St., 8th Floor
                                            Baltimore, MD 21202
                                            (410) 685-1120
                                            Attorneys for Plaintiff
                                            BRIDGE OIL LTD.

OF COUNSEL:

BLANK ROME LLP

LeRoy Lambert (LL 3519)
The Chrysler Building
405 Lexington Avenue
New York, NY  10174-0208
Tel:  (212) 885-5000
Fax:  (212) 885-5001

## **VERIFICATION**

STATE OF MARYLAND   )
                    : ss.:
CITY OF BALTIMORE   )

Robert B. Hopkins, being duly sworn, deposes and says:

I am a member of the bar of this Honorable Court and of the firm of Ober, Kaler, Grimes & Shriver, attorneys for Plaintiff.

I have read the foregoing Complaint and I believe the contents thereof are true.

The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

The sources of my information and belief are documents provided to me and statements made to me by representatives of Plaintiff.

_____
Robert B. Hopkins

Sworn to before me this
18th day of December 2006

_____
Notary Public

My Commission Expires 02/01/09