## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| Bridge Oil, Ltd., | * | |
| Plaintiff, | * | Civil Action No. JFM 06-3368 |
| v. | * | |
| Emerald Reefer Lines, LLC, <u>et al.</u>, | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| Bunker Holdings, Ltd. Limassol, Cyprus, | * | |
| | * | |
| Intervening Plaintiff, | * | |
| | * | **VERIFIED INTERVENING** |
| v. | | **COMPLAINT WITH REQUEST** |
| | * | **FOR ARREST OF BUNKERS** |
| Emerald Reefer Lines, LLC, | | **PURSUANT TO** |
| | * | **SUPPLEMENTAL RULE D** |
| Plaintiff <u>in</u> <u>personam</u>, | | **AND ATTACHMENT OF** |
| | * | **PROPERTY OF** |
| and | | **EMERALD REEFER LINES, LLC** |
| | * | **PURSUANT TO** |
| The Bunkers Aboard the M/V PACIFIC CHUKOTA, | | **SUPPLEMENTAL RULE B** |
| | * | |
| Defendant <u>in</u> <u>rem</u>, | * | |
| and | * | |
| The Master of the M/V PACIFIC CHUKOTA, | * | |
| | * | |
| and | * | |
| Inchcape Shipping Services, | * | |
| Garnishee. | | |

*     *     *     *     *     *     *     *     *     *     *

Intervening Plaintiff Bunker Holdings, Ltd. ("BHL") sues Emerald Reefer Lines, LLC ("ERL") both in personam and quasi in rem by attaching and garnishing certain property of ERL-LLC ("Property") in this District  pursuant to Supplemental Rule B, and hereby proceeds to arrest certain bunkers (marine fuel, herein the bunkers to be arrested, "Bunkers") aboard the vessel M/V PACIFIC CHUKOTA ("Vessel") in order pursuant to Supplemental Rule D to try and determine the title of those Bunkers, stating further as follows:

### Jurisdiction and Venue

1.      This is an action within this Court's admiralty jurisdiction pursuant to 28 U.S.C §1333 and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2.      Venue is proper in this Court because the Vessel, Bunkers, and Property is within this District.

### Parties

3.      BHL provided the Bunkers to the Vessel, and also sold bunkers on the order of ERL to other vessels which ERL owned, operated, chartered or managed.

4.      ERL is an owner, operator, charterer, or manager of the Vessel and other vessels. ERL is not found within this District within the meaning of Supplemental Rule B.

### Facts

5.      BHL provided bunkers on the order of ERL or its agents to the following vessels which ERL owned, operated, chartered or managed, and rendered statements for the agreed amounts that ERL was to pay BHL for each of those provisions of bunkers.  ERL has failed

despite demand, however, to pay BHL for the following principal amounts, overdue for the

bunker provisions:

| Vessel | Amount Overdue |
| --- | --- |
| M/V OLJUTORSKIY ZALIV | $183,000.00 |
| M/V POSYET | $2,902.68 |
| M/V PACIFIC PRIMORYE | $6,140.60 |

Total:        **$192,043.28**

6.       On or about October 1, 2005, and on or about November 25, 2006, BHL also

provided Bunkers to the Vessel on the order of Intertransport, Ltd., as principal, in the total

amount of $307,500.  BHL has not been paid for any of these Bunkers.  BHL provided these

Bunkers according to its Standard Terms and Conditions, stating in pertinent part as follows:

> [O]wnership of the product shall pass to the Customer only after the Price has
> been received by the Company . . . .   Until such time as the Price is received by
> the Company, the person in possession of the Product delivered shall hold the
> Product for the Company as a mere bailee.

## Count I
### Breach of Contract, ERL

7.       BHL repeats the foregoing paragraphs.

8.       ERL has failed to pay BHL as agreed, has breached its contract with BHL and

owes BHL damages, contractual attorneys fees and costs as demanded below.

## Count II
### Arrest of Bunkers, Rule D

9.       BHL repeats the foregoing paragraphs.

10.       Supplemental Admiralty and Maritime Rule D ("Possessory, Petitory, and

Partition Actions") provides as follows:

> In all actions for possession, partition, and to try title maintainable according to

the course of the admiralty practice with respect to a vessel, in all actions so maintainable with respect to the possession of cargo or other maritime property, and in all actions by one or more part owners against the others to obtain security for the return of the vessel from any voyage undertaken without their consent, or by one or more part owners against the others to obtain possession of the vessel for any voyage on giving security for its safe return, the process shall be by a warrant of arrest of the vessel, cargo, or other property, and by notice in the manner provided by Rule B(2) to the adverse party or parties.

11.     The Bunkers are maritime property. Bridge Oil has attached bunkers on the Vessel; BHL requests that the Court confirm, pursuant to Supplemental Rule D, that certain (or all) of those bunkers attached, are not property of ERL or any other third party but instead are the property of BH, as demanded below.

## Count III

## Maritime Attachment and Garnishment

12.     BH repeats the foregoing paragraphs.

13.     ERL property, namely, the certain bunkers aboard the Vessel (not including the Bunkers) and amounts deposited with the local husbanding agent for the Vessel, Inchcape Shipping Services and other property of ERL associated with the Vessel, is or soon will be in this District. BH respectfully requests that this Court issue writs of garnishment, for garnishment of such property on the basis of BH's claims against ERL, as demanded below.

WHEREFORE, intervening plaintiff BH respectfully demands judgment and prays as follows:

(A)     **Count I (in personam against ERL)**: That this Court enter judgment against defendant ERL in the amount of at least **$192,043.28**, plus contractual interest, costs, and attorneys fees and for prejudgment interest and costs;

(B)     **Count II (Supplemental Rule D, Arrest of Bunkers)**: In response to

Count II, that this Court issue a warrant of arrest of the Bunkers, in rem, pursuant to Supplemental Rule D, provide for that warrant of arrest to be served directly or by order on the Master of the Vessel, and enter judgment confirming that BH is the owner of a certain amount of the Bunkers presently on the Vessel, such Bunkers which BH provided to the Vessel on or about October 1, 2005, and on or about November 25, 2006, not consumed by the Vessel;

( C)    Count III (Supplemental Rule B, Maritime Attachment and Garnishment): In response to Count III,

   (1)    That this Court issue a writ of maritime garnishment to each Garnishee, for the garnishment of all property of ERL held by such Garnishee; and

   (2)    That this Court enter judgment against each such Garnishee, for the amounts due BH from ERL, in the amounts set out in Count I, supra; and

(D)    That this Court award BH such other and further relief that this Court deems just and proper.

Dated: December 20, 2006.


                                        /s/ J. Stephen Simms
                                        J. Stephen Simms (#4269)
                                        Donna Davis Ebaugh (#27892)
                                        Simms Showers LLP
                                        Suite 702
                                        20 South Charles Street
                                        Baltimore, Maryland 21201
                                        Telephone: 410-783-5795
                                        Facsimile: 410-510-1789

                                        Bunker Holdings Counsel

## VERIFICATION

I am a principal of the law firm of Simms Showers LLP, counsel to plaintiff. I verify

under solemn affirmation that the facts alleged in the foregoing complaint are true and correct to

the best of my knowledge and information based upon the records of plaintiff made available to

me by plaintiff.

I further verify that defendant cannot be found within this District within the meaning of

Supplemental Rule B. There is no corporate officer of plaintiff readily available in the District to

make this verification. I am authorized by plaintiff to make this affidavit. I state that on behalf of

plaintiff, an electronic records search for defendant was completed in the records of the Maryland

State Department of Assessments and Taxation, finding no resident agent or corporate

registration for defendant in Maryland, and that according to Directory Assistance there is no

telephone listing for defendant within any area code in this District.

> Pursuant to 28 U.S.C. § 1746, I solemnly declare under
> penalty of perjury that the foregoing is true and correct.
>
> Executed on December 20, 2006.
>
> /s/ J. Stephen Simms
> J. Stephen Simms (#4269)
> Simms Showers LLP
> Suite 702
> Twenty South Charles Street
> Baltimore, Maryland 21201
> Telephone: 410-783-5795
> Facsimile: 410-510-1789
>
> Bunker Holdings Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on this December 20, 2006 I caused a copy of the foregoing to be filed on the Court's CM/ECF system for service on all record counsel.


/s/ J. Stephen Simms