IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Northern Division

| | | |
|---|---|---|
| Bridge Oil, Ltd., | * | |
| Plaintiff, | * | Civil Action No. JFM 06-3368 |
| v. | * | |
| Emerald Reefer Lines, LLC, et al., | * | |
| Defendants | * | |
| * * * * * * | * * * * * * | |
| Bunker Holdings, Ltd.<br>Limassol, Cyprus, | * | |
| | * | |
| Intervening Plaintiff, | | |
| | * | **MOTION AND** |
| v. | | **MEMORANDUM TO** |
| | * | **INTERVENE IN THIS ACTION** |
| Emerald Reefer Lines, LLC, | | **PURSUANT TO** |
| | * | **FRCP 24 AND LAR E(10)** |
| Plaintiff in personam, | | **AND** |
| | * | **TO PROVIDE FOR** |
| and | | **ISSUE AND SERVICE** |
| | * | **OF WARRANT OF ARREST** |
| The Bunkers Aboard the<br>M/V PACIFIC CHUKOTA, | | **(SUPPLEMENTAL RULE D)** |
| | * | **AND WRIT OF MARITIME** |
| | | **ATTACHMENT AND** |
| Defendant in rem, | * | **GARNISHMENT** |
| | | **(SUPPLEMENTAL RULE B)** |
| and | * | |
| The Master of the<br>M/V PACIFIC CHUKOTA, | * | |
| | * | |
| and | | |
| | * | |
| Inchcape Shipping Services, | | |
| | * | |
| Garnishee. | | |

\* \* \* \* \* \* \* \* \* \* \* \*

Intervening Plaintiff Bunker Holdings, Ltd. ("BH") hereby moves pursuant to Fed. R. Civ. P. 24 and Local Admiralty Rule E(10)[1] to intervene in this action, and for this Court to effect the arrest of certain bunkers on the vessel M/V PACIFIC CHUKOTA ("Vessel") pursuant to Supplemental Rule D, and attachment of property of defendant Emerald Reefer Lines, LLC ("ERL") pursuant to Supplemental Rule B, without further physical service by the United States Marshal upon the Vessel of such warrant of arrest and writs of maritime attachment and garnishment, as follows:

1.  BH sets out in its accompanying verified intervening complaint that ERL owes it at least $193,000 for unpaid bunkers provided to three (3) vessels that ERL owned, operated or chartered.

---

[1] LAR (e)(10) ("Intervenors' Claims and Sharing of Marshal's Fees and Expenses a. Intervention Before Sale") provides as follows:

> When a vessel or other property has been arrested, attached, or garnished, and is in the hands of the Marshal or custodian substituted therefor, anyone having a claim against the vessel or property is required to present the claim by filing an intervening complaint under Fed. R. Civ. P. 24, and not by filing an original complaint, unless otherwise ordered by a judicial officer. An order permitting intervention may be signed ex parte at the time of filing the motion, subject to the right of any party to object to such intervention within 15 days after receipt of a copy of the motion and proposed pleading. Such motions shall not be subject to the provisions of L.R. 105. Upon the signing of an order permitting intervention, the Clerk shall forthwith deliver a conformed copy of the intervening complaint to the Marshal, who shall deliver the copy to the vessel or custodian of the property. Intervenors shall thereafter be subject to the rights and obligations of parties, and the vessel or property shall stand arrested, attached, or garnished by the intervenor. An intervenor shall not be required to advance a security deposit to the Marshal for seizure of a vessel as required by LAR (e)(9). Property arrested, attached, or garnished by an intervenor shall be released in accordance with Supplemental Rule E(5).

2. BH's verified intervening complaint also sets out that BH provided bunkers ("Bunkers") to the Vessel in the amount of at least $307,500, pursuant to contractual terms and conditions providing that BH owns those Bunkers until it is paid for the bunkers. BH has not been paid for the bunkers, and BH's verified intervening complaint requests that the Court issue a Supplemental Rule D arrest warrant for the Bunkers, in rem as maritime property, for a declaration that the Bunkers are BH's property. This is necessary for reasons including, that plaintiff Bridge Oil herein has garnished and attached the Vessel's bunkers and may claim that all of those bunkers, including the Bunkers, are ERL's property and therefore properly attached on Bridge Oil's claims against ERL.

3. The United States Marshal already has served with Bridge Oil's maritime garnishment and attachment writs on the Master of the Vessel, for the bunkers aboard the Vessel, and garnishee Inchcape Shipping Services as the Vessel's husbanding agent further has been served with Bridge Oil's maritime attachment and garnishment writ. The Vessel's bunkers, and Inchcape Shipping Services accounts held for defendant ERL, therefore already have been held pursuant to writs of this Court. Further, in related action Triton Marine Fuels Ltd., S.A. v. M/V Pacific Chukotka et al, 1:06-cv-03346-JFM, the United States Marshal already has served a warrant of arrest (Supplemental Rule C) on the Vessel. Service by the United States Marshal of the warrant and writs here, would be the Marshal's third visit to the Vessel. Requiring the United States Marshal to serve a further arrest warrant, or writs, would be redundant and a waste of the resources of the United States Marshal; further, the Vessel, both through its Master and its husbanding agent, Inchcape Shipping Services, is aware of the actions before this Court.

4. BH therefore respectfully request that the Court provide for the issue the Writs of

Maritime Attachment and Garnishment (Garnishees), and Warrant of Arrest (Bunkers), as BH's verified intervening complaint requests, upon this Court's grant of this motion and provide further that they shall be considered served on the Master of the Vessel, and Inchcape Shipping Services, respectively, upon the Court's granting this motion and that no further physical service of them by the United States Marshal. BH further will serve by facsimile a copy of the warrant, writs, and Intervening Complaint, on Inchcape Shipping Services, both for itself and for the Vessel and Master, and file a Notice with the Court confirming this service.

BH respectfully requests this Court to grant its Motion, and herewith submits a draft order.

Dated: December 20, 2006.

/s/ J. Stephen Simms
J. Stephen Simms (#4269)
Donna Davis Ebaugh (#27892)
Simms Showers LLP
Suite 702
20 South Charles Street
Baltimore, Maryland 21201
Telephone: 410-783-5795
Facsimile: 410-510-1789

Bunker Holdings Counsel

## CERTIFICATE OF SERVICE

I hereby certify that on this December 20, 2006 I caused a copy of the foregoing to be filed on the Court's CM/ECF system for service on all record counsel.

/s/ J. Stephen Simms